## Chicago & Eastern Illinois Railway Company v. George F. Jennings, Administrator.

### Gen. No. 13,635.

APPELLATE COURT—*when decision in former appeal not binding upon.* The decision of the Appellate Court rendered in one appeal of a case is in nowise binding upon it in a subsequent appeal of the same case where the decision of such court upon the first appeal was reversed and held for naught.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed. Opinion filed January 14, 1908.

CALHOUN, LYFORD & SHEEAN, for appellant; E. H. SENEFF, of counsel.

WING & WING, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This is the second appeal to this court from judgments in this cause. The decision on the first appeal is reported in 89 Ill. App. 335. In the opinion of the court on that appeal the material facts appearing in the record now before us are stated. Counsel for appellee state in their brief that on the trial now before us for review the evidence was almost, if not precisely, the same as was the evidence in the first trial. It is not necessary, therefore, to restate the evidence. The pleadings also are the same. They are stated in C. & E. I. R. R. Co. v. Jennings, 190 Ill. 478, where the judgment of the Appellate Court was reversed for error in the refusal of the trial court to give certain instructions, and the cause was remanded to the Circuit Court.

It is contended on behalf of appellee that the former decision of this case by the Appellate Court on the merits is final as to the matters decided, and is con-

clusive upon the parties on this appeal. This conten-
tion, we think, as applied to this case, is not sound.
The former decision and judgment of the Appellate
Court was wholly reversed and set aside by the Su-
preme Court. While the decision of that court is based
solely on error in the trial court in refusing to give
instructions upon the principal question in dispute in
the case, as to whether Jennings had become a pas-
senger on appellant's railroad, its legal effect never-
theless is to reverse, set aside and hold for naught
the judgment of the Appellate Court as erroneous.
When a judgment of the Appellate Court is reversed
for error in precise terms, or in effect, it is no longer
conclusive upon the parties or this court on a second
appeal in the same case. We know of no authority
holding to the contrary. To hold that the former de-
cision is conclusive on the merits, although it has
been reversed for error in law, involves an absurdity in
theory and results to which we decline to commit the
court. This case is before us for decision with the duty
and liberty to consider every assignment of error as
fully and as freely as upon the former appeal, but with
the advantage of the clear exposition of the law appli-
cable to the question whether or not Jennings had be-
come a passenger on appellant's railroad, by the Su-
preme Court, in disposing of the case on the appeal
above referred to.

As stated by the Supreme Court when this case
was before it, each of the five counts of the declara-
tions avers that appellant received Jennings as a pas-
senger at or upon the intersection and crossing of its
railroad and Seventy-sixth street, and near to its
Seventy-sixth street station in the city of Chicago,
upon a train about to arrive at, and stop and wait at
said Seventy-sixth street station or depot; and that
it thereupon became the duty of appellant to have
permitted said Jennings safely to cross over its rail-
road tracks while going to said depot, etc. The differ-
ent counts differ somewhat in respect to the character
of the negligence charged as a breach of said duty.

The Supreme Court, after stating the averments of the declaration, and in answer to the contention of appellee that the relation of passenger and carrier alleged in the declaration was not so material as to require absolute proof, hold that under the fundamental rule that a plaintiff must recover, if at all, upon the case made by his declaration, and under the declaration the allegation was a material one. The court further said, at page 488 of the opinion: "There was no count upon the common law duty of a railroad company arising out of its relations to a person crossing a street over its tracks or resting on a relation of that kind. Every count was based on the contract relation, and plaintiff was bound to prove it."

Upon a careful review and consideration of all the evidence upon this question in the record we are of the opinion that it fails to show the contract relation of passenger and carrier between appellant and Jennings at the time of the accident. There is no dispute or controversy in the evidence on this question. The material facts are stated in the opinion of the Supreme Court on pages 480 to 482 of its opinion. These facts do not, in our opinion, under the law laid down by the Supreme Court, create the contract relation of carrier and passenger; and under the facts and the law, the trial court should have given to the jury at the completion of the evidence the instruction to find the defendant not guilty, as requested by appellant.

The judgment of the Circuit Court is accordingly reversed, but not remanded, with a finding of fact.

*Reversed, with finding of fact.*